IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| REGINALD G. BAKER, SUZANNE LEWIS, in her official capacity as Power of Attorney for Plaintiff; KIMBERLY NOAHR, Petitioner elect; and MINOR CHILDREN OF THE ABOVE,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>J.D., CEO Alivation Health; ANNETTE KAY MARGET, HARBANS S. DEOL, in his official capacity as Director of Health Services for Nebraska Department of Correctional Services; DR. JEFFREY P. KASSELMAN, SARA BETH ALLEN, DR. JEFFREY A. DAMME, M.D.; DOES 1-6, Nurses; PETE RICKETTS, in his official capacity as Govenor in and for State of Nebraska; SCOTT R. FRAKES, in his official capacity as Director of NDOCS; JOHN BOLDUC, in his official capacity as Superintendant of Nebraska State Patrol; R. HOLLEY, BRAD HANSEN, SCOTT BUSBOOM, c/m Ruede; and LAWYERS,<br><br>　　　　　　　Defendants. | 8:19CV93<br><br><br><br>**MEMORANDUM AND ORDER** |

　　This matter is before the court on Plaintiff's Motion for Leave to Proceed in Forma Pauperis ("IFP"). ([Filing No. 2](#).) As set forth in the Prison Litigation Reform Act ("PLRA"), a prisoner cannot

bring a civil action [in forma pauperis] . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action . . . in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

The court has identified the following cases that may have been brought by Plaintiff that were dismissed because they were frivolous or malicious: *Baker v. Polk County, et al.*, 4:94CV70913-HDV (S.D. Iowa), dismissed as frivolous on February 6, 1995; *Baker v. Dodge County, et al.*, Filing No. 9, 8:96CV181-TMS (D. Neb.), dismissed as frivolous or malicious on July 3, 1996; *Baker v. Retelsdorf, et al.*, Filing Nos. 30 & 31, 4:14CV3103-RGK-PRSE (D. Neb.), dismissed without prejudice for failure to state a claim on April 20, 2015.[1]

On the court's own motion, Plaintiff is ordered to show cause within 30 days of this court's Memorandum and Order why these cases should not be considered strikes against him per the terms of the PLRA, and why he is entitled to proceed in forma pauperis pursuant to 28 U.S.C. §1915(g). Alternatively, Plaintiff may pay the court's $400.00 filing and administrative fees within 30 days. In the absence of either, Plaintiff's Complaint and this matter will be dismissed without further notice.

---

[1] In Case No. 4:14CV3103-RGK-PRSE, this court previously identified three cases that were brought by Plaintiff that may have been dismissed because they were frivolous, malicious, or failed to state a claim, including *Baker v. Polk County, et al.*, 4:94CV70913-HDV (S.D. Iowa), and *Baker v. Dodge County, et al.*, 8:96CV181- TMS (D. Neb.), listed above. However, the court could not determine whether the third case identified, *Baker v. State of Iowa, et al.*, 4:95CV80148-CRW (S.D. Iowa), constituted a "strike" under 28 U.S.C. §1915(g) because the case was dismissed "without prejudice." Thus, the court permitted Plaintiff to proceed IFP in Case No. 4:14CV3103-RGK-PRSE but warned Plaintiff that it appeared that at least two of his previous cases count as "strikes" under § 1915(g). (*See* Filing No. 19 at CM/ECF p. 1, n. 1, Case No. 4:14CV3103-RGK-PRSE.)

IT IS THEREFORE ORDERED that:

1. Plaintiff has 30 days from the date of this Memorandum and Order to show cause why the three cases referenced above should not be considered strikes against him per the terms of the PLRA, and why he is entitled to proceed in forma pauperis pursuant to 28 U.S.C. §1915(g). In the alternative, Plaintiff may pay the $400.00 filing and administrative fees within 30 days. In the absence of either action by Plaintiff, this matter will be dismissed without further notice.

2. The court will defer consideration of Plaintiff's three other pending motions (filing nos. 7, 8, & 9) until the matter of Plaintiff's authorization to proceed IFP is resolved and until further order of the court.

3. The Clerk of the court is directed to set a pro se case management deadline in this matter with the following text: **May 2, 2019**: Deadline for Plaintiff to show cause or pay fees.

Dated this 2nd day of April, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge