IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| REGINALD G. BAKER, SUZANNE LEWIS, in her official capacity as Power of Attorney for Plaintiff; KIMBERLY NOAHR, Petitioner elect; and MINOR CHILDREN OF THE ABOVE,<br><br>              Plaintiffs,<br><br>  vs.<br><br>J.D., CEO Alivation Health; ANNETTE KAY MARGET, HARBANS S. DEOL, in his official capacity as Director of Health Services for Nebraska Department of Correctional Services; DR. JEFFREY P. KASSELMAN, SARA BETH ALLEN, DR. JEFFREY A. DAMME, M.D.; DOES 1-6, Nurses; PETE RICKETTS, in his official capacity as Govenor in and for State of Nebraska; SCOTT R. FRAKES, in his official capacity as Director of NDOCS; JOHN BOLDUC, in his official capacity as Superintendant of Nebraska State Patrol; R. HOLLEY, BRAD HANSEN, SCOTT BUSBOOM, c/m Ruede; and LAWYERS,<br><br>              Defendants. | 8:19CV93<br><br><br><br><br><br>MEMORANDUM<br>AND ORDER |

      This matter is before the court on Plaintiff Reginald G. Baker's motion for status (filing no. 14), which is granted. On April 2, 2019, the court ordered Plaintiff to show cause why he is entitled to proceed in forma pauperis in this action. (Filing No. 11.) The court identified three cases that were brought by Plaintiff that may

have been dismissed because they were frivolous, malicious, or failed to state a claim. The three cases identified by the court were *Baker v. Polk County, et al.*, 4:94CV70913-HDV (S.D. Iowa), dismissed as frivolous on February 6, 1995; *Baker v. Dodge County, et al.*, Filing No. 9, 8:96CV181-TMS (D. Neb.), dismissed as frivolous or malicious on July 3, 1996; and *Baker v. Retelsdorf, et al.*, Filing Nos. 30 & 31, 4:14CV3103-RGK-PRSE (D. Neb.), dismissed without prejudice for failure to state a claim on April 20, 2015. The Prison Litigation Reform Act ("PLRA") prevents a prisoner with "three strikes" from proceeding IFP unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Plaintiff filed a response to the court's order on April 10, 2019. (Filing No. 13.) Plaintiff asserts that in *Baker v. Polk County, et al.*, 4:94CV70913-HDV (S.D. Iowa), the "case was settled out of court by Plaintiff's court-appointed counsel— Baird, Laird, McEachen and Pedersen of Omaha, NE on the day that the case was scheduled to be heard by the court." (*Id.* at CM/ECF p. 1.) Plaintiff also argues that if he is not allowed to proceed with his action, "[i]t gives the Defendants further leave to cause further violations of Plaintiff's rights and State laws, to possibly cause future harm or injury to Plaintiff, at the hands of the Defendants to neglect Plaintiff's right to proper and adequate Medical and Mental Health Treatment." (*Id.* at CM/ECF p. 2.)

The docket sheet in *Baker v. Polk County, et al.*, 4:94CV70913-HDV (S.D. Iowa), available to this court via PACER, reflects that Plaintiff's motion to appoint counsel was denied in that case when the United States District Court for the Southern District of Iowa dismissed Plaintiff's amended complaint as frivolous upon further initial review.[1] The docket sheet does not reflect that the case was ever "scheduled to be heard by the court." Thus, the available court records in *Baker v. Polk County, et al.*, 4:94CV70913-HDV (S.D. Iowa), directly contradict Plaintiff's allegation regarding settlement of the case, and the court finds Plaintiff

---

[1] In Case No. 4:14CV3103-RGK-PRSE, this court provided Plaintiff with a copy of the docket sheet in *Baker v. Polk County, et al.*, 4:94CV70913-HDV (S.D. Iowa). (Filing No. 20, Case No. 4:14CV3103.)

has failed to establish good cause why this case should not be considered a "strike" pursuant to 28 U.S.C. § 1915(g).

As the court has determined that three federal court cases brought by Plaintiff, while a prisoner, were dismissed as frivolous or for failure to state a claim, the court must consider whether Plaintiff has demonstrated he "is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). The court has considered Plaintiff's response to the court's show cause order and the Complaint and finds his allegations fail to establish a threat of serious injury sufficient to overcome the "three strikes" bar. Plaintiff generally alleges that, between June and October of 2018, he received inadequate medical and mental health care while incarcerated at the Tecumseh State Correctional Institution and suffered a stroke as a result. However, complaints solely about past alleged harms are insufficient to show the imminent physical harm required under § 1915(g). *See Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) ("[T]he requisite imminent danger of serious physical injury must exist at the time the complaint or the appeal is filed . . . . [and] the exception focuses on the risk that the conduct complained of threatens continuing or future injury, not on whether the inmate deserves a remedy for past misconduct."). Accordingly,

IT IS ORDERED that:

1. Plaintiff's motion for status (filing no. 14) is granted.

2. Plaintiff's Motion for Leave to Proceed in Forma Pauperis (filing no. 2) is denied.

3. Plaintiff's other pending motions (filing nos. 7, 8, 9, & 13) are denied as moot.

4. This case is dismissed without prejudice and a separate judgment will be entered in accordance with this Memorandum and Order.

5. Any notice of appeal filed by Plaintiff must be accompanied by the $505.00 appellate filing fee because Plaintiff will not be allowed to proceed in forma pauperis on appeal.

Dated this 10th day of May, 2019.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge